UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN SCHERKANOWSKI,<br>    Plaintiff,<br><br>v<br><br>BLUEGREEN VACATIONS<br>    Defendant. | )<br>)<br>)<br>) C. A. No.:<br>)<br>)<br>)<br>) COMPLAINT AND DEMAND FOR<br>) JURY TRIAL<br>)<br>)<br>) |

## COMPLAINT

JOHN SCHERKANOWSKI (Plaintiff), by and through his attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, PC, alleges the following against BLUEGREEN VACATIONS (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of New Hampshire and because the occurrences from which

1

Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of New Hampshire.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Center Harbor, New Hampshire 03226.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 4960 Conference Way, Suite 100, Boca Raton, Florida 33431.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around December 2017 and continuing through in or around March 2018, Defendant repeatedly called Plaintiff on his cellular telephone.

13. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay with no caller on the line before being connected with Defendant's live representatives or terminating.

15. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

16. Shortly after calls started, Plaintiff told Defendant to stop calling and that he did not wish to be contacted, however, Defendant ignored his instruction and continued to call.

17. Several more times up and through March 2018, Plaintiff repeated his request for Defendant not to call, but Defendant kept calling.

18. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

19. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

20. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff repeatedly through March 2018.

21. Plaintiff found Defendant's repeated calls to be invasive, harassing, frustrating and annoying to continue to endure.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant initiated repeated calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

26. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed there under, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

27. Defendant's calls to Plaintiff after it was told calls were harassing and/or after it was told to stop calling were made even though Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had had been revoked.

28. When Defendant called Plaintiff from December 2017 through March 2018, it knew it was placing calls to a cellular telephone.

29. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN SCHERKANOWSKI, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN SCHERKANOWSKI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id#18539
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380 – direct dial
(860) 263-0919 – facsimile
atroccoli@creditlaw.com

Dated: April 12, 2018